Edward Rutz *et al.*

*v.*

W. F. Calhoun *et al.*

*Filed at Springfield September 30, 1881.*

1. Taxes—*to pay illegal municipal bonds, may be enjoined.* Where bonds have been issued by a township to a railroad company, under a vote at an election held without authority of law, neither the State nor the local officers have authority to cause a tax to be levied for the payment of the principal or interest of such bonds, and they may be enjoined from attempting to do so.

2. Assignment of error—*by whom—as to refunding taxes.* Where a tax is levied without legal authority, the State and county officers concerned

in its collection, against whom no costs are awarded, can not assign for error that part of the decree requiring the repayment of the taxes to those who paid them, as such officers have no interest in that question.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. GEORGE W. GERE, for the plaintiffs in error:

The fund collected was, by operation of law, pledged and appropriated to the payment of the interest, and by the act of payment of taxes became and was so pledged and appropriated.

"Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he can not afterwards assign his ignorance of the law as the reason why the State should furnish him with legal remedies to recover it back." Cooley on Taxation, 567.

That a tax voluntarily paid can not be recovered back has been held by the authorities, with very few exceptions. Cooley on Taxation, 566; *Smith* v. *Readfield,* 27 Me. 145; *New York, etc. R. R. Co.* v. *Marsh,* 12 N. Y. 308; *Walker* v. *St. Louis,* 15 Mo. 563; *Christy's Admrs.* v. *St. Louis,* 20 id. 143; *Hospital* v. *Philadelphia Co.* 24 Pa. St. 229; *Phillips* v. *Jefferson Co.* 5 Kan. 412; *Wabaunsee Co.* v. *Walker,* 8 id. 431; *Corkle* v. *Maxwell,* 3 Blatchf. 413; *Elliott* v. *Swartwout,* 10 Pet. 137; *Elston* v. *City of Chicago,* 40 Ill. 514.

"It is immaterial in such a case that the tax was illegally laid, or even that the law under which it was laid was unconstitutional." Cooley on Taxation, 566, and note 3; *Town of Lingonier* v. *Ackerman,* 46 Ind. 552.

A voluntary payment of money under a mistake of law lays no foundation for an action to recover it back. Burroughs on Taxation, 266.

Messrs. Tipton & Ryan, for the defendants in error:

The bonds and coupons were issued by the officers of the town pursuant to an election held July 1, 1866, while the charter of the company (Indianapolis, Bloomington and Western) did not become a law until February 28, 1867. There being no law authorizing the holding of the election at the time it was held, and the issue of bonds at the time, the election was without authority of law, and consequently the bonds were issued without authority of law, and are void. *Elmwood* v. *Marcey*, 2 Otto, 289 ; *Marshall* v. *Silliman*, 61 Ill. 218 ; *Wiley et al.* v. *Silliman et al.* 62 id. 170 ; *Hewitt* v. *Normal School District*, 94 id. 531 ; *Williams* v. *Town of Roberts*, 88 id. 11 ; *Barnes* v. *Town of Lacon*, 84 id. 461.

The rule is, that a municipality must have legislative authority to subscribe to a public enterprise before its officers can bind the body politic to the payment of bonds purporting to be issued on the part of the municipality. *McClure* v. *Town of Oxford*, 4 Otto, 429.

There was an utter want of power in the officers of the town to issue these bonds. *Williams* v. *Town of Roberts*, 88 Ill. 11, and the *Silliman cases, supra.*

The bonds and coupons were not validated by the attempted curative act in the charter of the railroad company. Private Laws, 1867, vol. 2, p. 758 ; *Marshall* v. *Silliman*, 61 Ill. 218 ; *Wiley* v. *Silliman*, 62 id. 174.

The legislature can not create a debt against a municipal corporation without its consent as to the town and tax-payers. The curative act was void. *Wiley* v. *Silliman*, 62 Ill. 170 ; *Barnes* v. *The Town of Lacon*, 84 id. 461.

Bonds issued without power or authority in law authorizing them to be issued are absolutely void. *Ryan* v. *Lynch*, 68 Ill. 160 ; *Barnes* v. *Town of Lacon*, 84 id. 461.

The bonds being absolutely void, can not be enforced in the hands of the original owners or purchasers for value. *McClure* v. *Town of Oxford*, 4 Otto, 429 ; *Barnes* v. *Lacon*, 84 Ill. 461.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by certain tax-payers and residents of the town of Santa Anna, and sets forth that the Auditor of Public Accounts, and the county authorities of DeWitt county, in which the town of Santa Anna is situated, have annually caused taxes to be levied and collected on the taxable property of the town, to pay interest falling due on bonds issued by the town in payment of a subscription made to the capital stock of the Danville, Urbana, Bloomington and Pekin Railroad Company. The subscription to the capital stock of the railroad company was voted at a town meeting held by the voters of the town, at a time when, it is alleged, there was no law that authorized the voters to hold an election to make such a subscription, and that for want of such authority the bonds afterwards issued in payment of such subscription are absolutely null and void. It seems that for the year 1876 a tax, in the aggregate of $5500, was levied on the taxable property of the town for the payment of the interest on the bonds of the town. It is alleged a part of this tax had been collected and was in the hands of the State Treasurer; that another part was collected, but was in the hands of the treasurer of DeWitt county, and that the residue was uncollected. The prayer of the bill was for an injunction restraining the State Treasurer from paying the bonds or interest, and the county treasurer and town treasurer from paying over money in their hands to the State Treasurer, and from making any further collection of such taxes; that the State Treasurer and other officers be required to pay over the money in their hands to the corporate authorities of the town of Santa Anna, or to persons having paid the same, and that the bonds and coupons be brought into court and cancelled. The bill was dismissed as to the Indianapolis, Bloomington and Western Railroad Company, and as to unknown owners of the bonds, and afterwards a decree *pro confesso* was rendered by the court, conforming substan-

tially with the prayer of the bill, and it appears from a supplemental order the original decree was performed by the State and local officers against whom it was rendered, except that part of the decree that directs the repayment of the taxes to the persons from whom they were collected. The case was heard in the Appellate Court on a writ of error sued out by Edward Rutz, State Treasurer, and J. C. Smith, his successor in office, Thomas B. Needles, Auditor of Public Accounts, and William Gambrill, county treasurer of De Witt county, where the decree of the circuit court was affirmed. The same parties bring the case to this court, on error.

It is conceded by counsel for plaintiffs in error, that, for the purposes of the argument made in this court, the taxation out of which the fund in contention arose was illegal, and that previous to its payment it might have been successfully enjoined on the ground the tax was illegal. The point made, and the only one pressed on the attention of the court, is whether a person who has voluntarily paid an illegal tax can afterwards recover it back. That, it seems to us, is a question in which these plaintiffs in error have no interest, and whether the decree of the court that directed the repayment of the taxes collected was proper or not, does not concern them. No decree was rendered that in any manner affected them in that respect, nor was there any decree against them for costs, of which they could complain. As officers of the law they are enjoined from levying and collecting a tax conceded to be illegal, and of that these officers have no right to complain, nor, indeed, has any one else. On the hypothesis the bonds issued by the town to the railroad company were issued without authority of law, neither the State nor the local officers have authority to cause a tax to be levied for the payment of the principal or interest of such bonds, and they may be enjoined from attempting to do so. *Welch* v. *Post,* 99 Ill. 471.

Without determining whether this decree is warranted by law in every respect, it clearly contains nothing of which the present plaintiffs in error can complain, and the decree as to them will be affirmed.

*Decree affirmed.*